PATRICK D. MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN B. ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON
75 Southgate Avenue
Daly City, CA 94015
Telephone:     (415) 213-4098

Attorneys for
CITY OF ANTIOCH, OFFICER J. EWART and OFFICER
M. MELLONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN WADE, an individual<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, OFFICER M. MELLONE, OFFICER J. EWART, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 4:23-cv-01130-DMR<br><br>**DEFENDANTS CITY OF ANTIOCH, OFFICER J. EWART AND OFFICER M. MELLONE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Hon. Donna M. Ryu |

Defendants CITY OF ANTIOCH, OFFICER J. EWART and OFFICER M. MELLONE (hereinafter "Defendants") hereby respond to the allegations contained in the Complaint (Dkt. No. 8) filed by PLAINTIFF KATHRYN WADE ("Plaintiff").

**I.    PARTIES**

1.    In answer to the allegations of Paragraph 1 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

2-1.    In answer to the allegations of Paragraph 2 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that

1  reason and basing their denial on that ground, deny both generally and specifically, each and
2  every, all and singular, the allegations contained therein.

3        2-2.    In answer to the allegations of Paragraph 2 of the Complaint, these Defendants
4  have insufficient information or belief to enable them to answer said allegations, and for that
5  reason and basing their denial on that ground, deny both generally and specifically, each and
6  every, all and singular, the allegations contained therein.

7        2-3.    In answer to the allegations of Paragraph 2 of the Complaint, these Defendants
8  have insufficient information or belief to enable them to answer said allegations, and for that
9  reason and basing their denial on that ground, deny both generally and specifically, each and
10 every, all and singular, the allegations contained therein.

11       2-4.    In answer to the allegations of Paragraph 2 of the Complaint, these Defendants
12 have insufficient information or belief to enable them to answer said allegations, and for that
13 reason and basing their denial on that ground, deny both generally and specifically, each and
14 every, all and singular, the allegations contained therein.

15 **II.   JURISDICTION**

16       3.    In answer to the allegations of Paragraph 3 of the Complaint, these Defendants
17 have insufficient information or belief to enable them to answer said allegations, and for that
18 reason and basing their denial on that ground, deny both generally and specifically, each and
19 every, all and singular, the allegations contained therein.

20 **III.   VENUE**

21       4.    Admit.

22 **IV.   INTRADISTRICT ASSIGNMENT**

23       5.    In answer to the allegations of Paragraph 5 of the Complaint, these Defendants
24 have insufficient information or belief to enable them to answer said allegations, and for that
25 reason and basing their denial on that ground, deny both generally and specifically, each and

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

every, all and singular, the allegations contained therein.

V.   **STATEMENT OF FACTS**

6.   In answer to the allegations of Paragraph 6 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

7.   In answer to the allegations of Paragraph 7 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

8.   In answer to the allegations of Paragraph 8 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

9.   In answer to the allegations of Paragraph 9 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10.   In answer to the allegations of Paragraph 10 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11.   In answer to the allegations of Paragraph 11 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

12.   In answer to the allegations of Paragraph 12 of the Complaint, these Defendants

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

13. In answer to the allegations of Paragraph 13 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

14. In answer to the allegations of Paragraph 14 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

15. In answer to the allegations of Paragraph 15 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

16. In answer to the allegations of Paragraph 16 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

17. In answer to the allegations of Paragraph 17 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

18. In answer to the allegations of Paragraph 18 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and

every, all and singular, the allegations contained therein.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. 1983 Violation of the Fourth Amendment of the United States Constitution – Unlawful Seizure)

*(PLAINTIFF against Defendants Mellone, Ewart and DOES 1-10)*

19.  In answer to the allegations of Paragraph 19 of the Complaint, these Defendants incorporate by reference each of the preceding paragraphs.

20.  In answer to the allegations of Paragraph 20 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

### SECOND CAUSE OF ACTION
### (*Monell* - 42 U.S.C. 1983)

*(PLAINTIFF against Defendants CITY OF ANTIOCH, Mellone, Ewart, and DOES 1-25)*

21.  In answer to the allegations of Paragraph 21 of the Complaint, these Defendants incorporate by reference each of the preceding paragraphs.

22.  In answer to the allegations of Paragraph 22 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

23.  In answer to the allegations of Paragraph 23 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

24.  In answer to the allegations of Paragraph 24 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

every, all and singular, the allegations contained therein.

25. In answer to the allegations of Paragraph 25 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

### THIRD CAUSE OF ACTION
### (Bane Act California Civil Code 52.1)

*(PLAINTIFF against all Defendants)*

26. In answer to the allegations of Paragraph 26 of the Complaint, these Defendants incorporate by reference each of the preceding paragraphs.

27. In answer to the allegations of Paragraph 27 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

28. In answer to the allegations of Paragraph 28 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

29. In answer to the allegations of Paragraph 29 of the Complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

### **JURY DEMAND**

Defendants hereby request a jury trial for all claims.

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's causes of action are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and/or *Yount v. City of Sacramento*, 43 Cal. 4th 885 (2008).

SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff was herself negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to her alleged injuries and/or damages. A verdict of the jury in favor of Plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that Plaintiff's negligence contributed to the accident and injuries complaint of, if any there were.

THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Any and all acts or omissions of Antioch officers, its agents and employees, which allegedly caused the injury at the time and place set forth, were the result of an exercise of discretion vested in them.

FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Should Plaintiff recover non-economic damages against any Defendant, the liability for non-economic damages is limited to the degree of fault and several liability of said Defendant's pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against said Defendants based upon said defendant's degree of fault and several liability.

FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Individual Defendant(s) are immune from 42 U.S.C. § 1983 liability pursuant to the

doctrine of qualified immunity because he acted in a reasonable manner, based on existing law, and did not violate clearly established constitutional rights. See *White v. Pauly*, 137 S. Ct. 548 (2017); *Ashcroft v. Al-Kidd*, 563 U.S. 731 (2011); and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

<u>SIXTH AFFIRMATIVE DEFENSE</u>

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by Plaintiff was a cause of the injuries and/or damages alleged by Plaintiff, if any there was.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants assert that Plaintiff suffered no actual damages as a result of the alleged violation. To the extent Plaintiff suffered damages, Defendants assert that Plaintiff failed to mitigate her damages.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The Defendants assert that any harm suffered by Plaintiff was not caused by the alleged actions of the City of Antioch or its officials.

<u>NINTH AFFIRMATIVE DEFENSE</u>

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering Defendants are immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.8, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

///

## TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendant mentioned in Plaintiff's Complaint was at all times, duly qualified, appointed and acting police officers of the Antioch Police Department and peace officers of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at all times mentioned herein, said officer was engaged in the performance of his regularly assigned duties within the scope of his duties as peace officer of the Antioch Police Department.

## ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering Defendants acted in good faith and with a reasonable belief that the actions were lawful.

## TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendant(s) had reasonable suspicion and probable cause to enter Plaintiff's home and search the premises. Any alleged search or seizure was objectively reasonable and in compliance with the Fourth Amendment.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendant(s) did not interfere with Plaintiff's civil rights through threats, intimidation, or coercion. Also, Defendant(s) did not harass, use violence, or threats of violence based on Plaintiff's race, religion, gender, disability, or sexual orientation.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, Plaintiff has wholly failed to plead facts which give rise to any colorable claim for punitive or exemplary damages against Defendants, nor do any such facts exist.

## FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's claims for punitive or exemplary damages violate Defendants' right to procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

As it relates to the alleged incident, the City of Antioch did not fail to investigate, fail to discipline, or fail to adequately train Antioch Police Department officers. Furthermore, the City of Antioch did not employ a pattern or practice of condoning constitutional violations or maintain a widespread practice or custom of condoning n failing to prevent constitutional violations pursuant to *Monell*, as alleged in Plaintiff's complaint.

WHEREFORE, Defendants pray that Plaintiff takes nothing by way of the Complaint on file herein and that Defendants have judgment for its costs, attorneys' fees and for such other and further relief as the Court deems proper.

///
///
///

| | |
|---|---|
| Dated:  July 21, 2023 | CASTILLO, MORIARTY, TRAN & ROBINSON, LLP |
| | By: _/s/ John B. Robinson_<br>     PATRICK D. MORIARTY<br>     JOHN B. ROBINSON<br>     Attorneys for Defendants<br>     CITY OF ANTIOCH, OFFICER J. EWART<br>     and OFFICER M. MELLONE |