KATHRYN WADE
2112 Meridith Way
Antioch, California 94509

Plaintiff, Pro Per

PATRICK D. MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN B. ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON
75 Southgate Avenue
Daly City, CA 94015
Telephone:      (415) 213-4098

Attorneys for Defendants
CITY OF ANTIOCH, OFFICER J. EWART and OFFICER M. MELLONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KATHRYN WADE, an individual | Case No. 4:23-cv-01130-DMR |
|---|---|
| Plaintiff, | **JOINT INITIAL CASE MANAGEMENT STATEMENT** |
| v. | |
| CITY OF ANTIOCH, OFFICER M. MELLONE, OFFICER J. EWART, and DOES 1-10, inclusive, | Date: September 20, 2023<br>Time: 1:30 p.m. |
| Defendants. | Hon. Donna M. Ryu |

The parties to the above-entitled action jointly submit this Case Management Conference Statement.

**1.      JURISDICTION AND SERVICE:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), in that Plaintiff's claims for relief arise under 42 U.S.C. §1983. All parties have been served, and no issues exist regarding personal jurisdiction.

**2.   FACTS:**

**A.   Plaintiff's Version of Facts**

In three separate instances prior to his death, Plaintiff's deceased son, Malad Baldwin, was assaulted by Antioch Police Department police officers. He was also a subject of several racist and threatening text messages sent by members of the Department and exposed during a federal investigation of the Department's practices. On March 11, 2021, Plaintiff called 911 from her home because her son was in severe pain, stating "mom, I'm sick". Plaintiff's son and had recently experienced medical emergencies requiring plaintiff's son to go to the hospital for treatment, due to previous encounters with defendants, wherein the defendants severely beat plaintiff's son causing irreplaceable harm, trauma, and damages. Subsequently, causing plaintiff's son to continuously require medical treatment. Plaintiff identified her son by name, and explained to dispatcher this was a medical emergency. When the dispatcher indicated police would also be sent, Plaintiff told dispatch not to send the police because this was a medical emergency, however, police were sent and entered Plaintiff's house unbeknownst to her and without her permission. Defendant, officers, searched Plaintiff's son's room, leaving it in disarray, and taking unknown objects with them. The officers also damaged items in the room. Plaintiff's son was brought outside on a gurney by the EMTs who then watched as she interacted with the defendant, officers, asking them to leave. The EMTs did not take Plaintiff's son to the hospital until they spoke with the police officers. Plaintiff's son died in the hospital two days later. Plaintiff has tried to obtain the police report from the incident but has been denied access.

**Defendant's Version of Facts**

On March 11, 2023, plaintiff urgently contacted 911, seeking immediate assistance for her adult son who inflicted a serious injury upon himself. Emergency medical personnel and Antioch police units arrived at plaintiff's residence in response to her distress call. APD Officers Mellone and Ewart responded to the scene to both investigate the situation and aid the medical team, who was responding to a potentially dangerous situation.

    **a.**    **Principal Factual Issues in Dispute:**

    (1) Whether the officers had probable cause and/or exigent circumstances to enter plaintiff's residence;

    (2) Whether the officers acted pursuant to an unlawful custom, policy, or practice; and

    (3) Whether the officers used threats, intimidation, or coercion to intentionally interfere with plaintiff's rights.

**3.**    **Legal Issues**

Plaintiff alleges various legal claims, including:

    (1)    Fourth Amendment Search and Seizure, under 42 U.S.C. § 1983;

    (2)    *Monell*, 42 U.S.C. § 1983

    (3)    Bane Act (Cal. Civil. Code §52.1);

Adjudication of plaintiff's claims and defendants' defenses will depend on the resolution of the following principal legal disputes, in addition to the factual disputes above:

    (1)    Whether defendants had probable cause to enter plaintiff's home, or that an exception to the warrant requirement applied;

    (2)    Whether qualified immunity applies; and

    (3)    Whether the officers acted pursuant to an unlawful custom, policy, or practice.

This is a non-exhaustive list.

**4.**    **Motions:**

Plaintiff may file motions but is unsure at this time.

Defendants will file a motion for summary judgment on all claims.

**5.**    **Amendment of Pleadings**:

None anticipated.

**6.**    **Evidence Preservation:**

The parties have taken all steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

**7.     Disclosures:**

The parties agree to serve their Rule 26 Initial Disclosures no later than September 13, 2023.

**8.     Discovery**:

(1)     The parties have not exchanged written discovery;

(2)     No depositions have taken place;

(3)     Plaintiff does not propose any limitations or modifications to the FRCP discovery rules. Defendants believe the case in chief will require not more than 10 depositions for each side, 50 document requests, and 50 interrogatories;

(4)     In addition to written discovery, the parties will take party and any witness depositions. The parties will also conduct expert discovery. They plan to offer expert testimony in the police practices field; and

(5)     The parties plan to file a proposed stipulated protective order.

**9.     Class Actions:**

This case is not a class action.

**10.    Related Cases**:

None.

**11.    Relief**:

Plaintiff seeks monetary relief.

Defendants will conduct discovery into plaintiff's damages claims. Defendants contend that the named defendants acted reasonably and deny liability on all claims.

**12.    Settlement and ADR:**

The parties request that the timing of the settlement conference be at the judge's discretion.

**13.    Consent to Magistrate Judge For All Purposes**:

The defendants previously consented to a magistrate jurisdiction. (Dkt. 16.)

///

**14.     Other References**:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**:

The parties are presently unaware of any issues that can be narrowed by agreement; nor suggestions to expedite the presentation of evidence at trial (*e.g.*, through summaries or stipulated facts); or any request to bifurcate issues, claims, or defenses. They request that this issue be revisited at a further case management conference.

**16.     Expedited Schedule**

The present matter is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17.     Scheduling**:

Plaintiff proposes a shorter period for fact discovery with cut-off in March or April 2024 and following dates adjusted accordingly. Defendants propose the following scheduling order.

| | |
|---|---|
| Deadline to Amend Pleadings: | September 1, 2023 |
| Fact Discovery Cut-off: | July 28, 2024 |
| Designation of Expert Witnesses: | August 31, 2024 |
| Designation of Rebuttal Expert Witnesses: | September 30, 2024 |
| Expert Discovery Cut-off: | October 30, 2024 |
| Dispositive Motion Hearing: | December 7, 2024 |
| Pretrial Conference | February 19, 2025 |
| **Trial (subject to Court's availability):** | **March 18, 2025** |

**18.     Trial**:

All parties demand a jury trial. A 5-day trial is estimated.

**19.     Disclosure of Non-party Interested Entities or Persons:**

None. The required certification under Local Rule 3-15 will be filed no later than September 1, 2023.

**20.** **Professional Conduct**

All attorneys of record have reviewed the guidelines.

**21.** **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None at this time.

Dated: September 12, 2023          CASTILLO, MORIARTY,
                                   TRAN & ROBINSON, LLP


By: _/s/ John B. Robinson_
    PATRICK D. MORIARTY
    JOHN B. ROBINSON
    Attorneys for Defendants
    CITY OF ANTIOCH, OFFICER J. EWART
    and OFFICER M. MELLONE

Dated: September 12, 2023


By: _/s/ Kathryn Wade_
    KATHRYN WADE
    Plaintiff